UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SOPHIA CHRISTINE HALL,
Plaintiff-Appellant,

v.

No. 98-2558

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CA-97-122)

Submitted: July 30, 1999

Decided: August 16, 1999

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Martin Wegbreit, CLIENT CENTERED LEGAL SERVICES OF
SOUTHWEST VIRGINIA, INC., Castlewood, Virginia, for Appel-
lant. James A. Winn, Chief Counsel, Patricia M. Smith, Deputy Chief
Counsel, Rafael Melendez, Assistant Regional Counsel, Office of the
General Counsel, SOCIAL SECURITY ADMINISTRATION, Robert
P. Crouch, Jr., United States Attorney, John F. Cochran, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sophia Christine Hall appeals from the district court's order granting summary judgment to the Social Security Administration and denying her motion to remand her case to the Administrative Law Judge (ALJ). We have reviewed the record and find no reversible error. Accordingly, we affirm.

Sophia Christine Hall, who was fifty-one years old at the time of the ALJ's decision, sought disability benefits on the basis of lower back pain, wrist pain, and "nervousness." Hall suffered from degenerative joint disease of her fifth lumbar disc and her first sacroiliac disc. During administrative processing of her claims, she broke the radius bone of her wrist on her left, non-dominant hand and required surgery. Nearly a year and a half following the injury, her treating physician opined that she had arthritis as a result of the injury, that she had a significant impairment in her wrist that would not improve, that she would not be able to frequently lift objects over ten pounds, and that excessive lifting stresses on her wrist could cause her condition to deteriorate. Psychiatric testing did not reveal any abnormal mental conditions.

The ALJ denied her claim after two hearings in September 1995 and March 1996. The ALJ found that: (1) she had a past relevant work history of light to medium unskilled work; (2) she had no psychiatric mental impairment and was of low average intelligence; (3) she had severe physical impairments within the meaning of Social Security regulations because she had an impairment of more than minimal severity of her wrist; (4) these impairments singly or in combination with each other did not meet the criteria listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1999); and (5) a significant number of jobs existed in the national economy that Hall could perform.

2

The Appeals Council declined Hall's request for review of the ALJ's decision, and thus, the ALJ's decision became the final decision of the Commissioner. See 20 C.F.R.§ 404.981 (1999). Hall then filed the present action seeking review of the denial of benefits. The district court granted summary judgment to the Commissioner. The district court also denied Hall's motion to remand her case based on Hall's two epidural steroid treatments for back pain following the ALJ's decision.

Hall timely filed her appeal. She claimed that the ALJ did not properly evaluate her claims of pain and that evidence of the two subsequent treatments for her back pain might have altered the ALJ's decision.

We have reviewed the record, briefs, and pertinent case law in this matter. Our review persuades us that the district court correctly found that the Commissioner's decision denying benefits was based on substantial evidence notwithstanding Hall's subjective complaints of pain. We also find that the district court correctly denied Hall's motion to remand her case to the ALJ. Accordingly, we affirm on the reasoning of the district court. See Hall v. Apfel, No. CA 97-122-A (W.D. Va. Sept. 22, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED